Louis C. Klein (SBN 188125)
*Louis.Klein@jacksonlewis.com*
Sean Choi (SBN 312256)
*Sean.Choi@jacksonlewis.com*
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:   (213) 689-0404
Facsimile:    (213) 689-0430

Attorneys for Defendant
MESSER LLC
(erroneously sued and served as "MESSER NORTH AMERICA, INC.")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT DUDASH, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>MESSER NORTH AMERICA, INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>          Defendants. | **CASE NO.:**<br><br>[Los Angeles Superior Court Case No. 22STCV34825]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>[Filed concurrently with Civil Case Cover Sheet; Corporate Disclosure Statement; Declaration of Louis C. Klein; Declarations of Tessa Walwyn; Notice of Interested Parties; and Proof of Service]<br><br>Complaint Filed: November 1, 2022 |

1      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**
2  **THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR**
3  **ATTORNEYS OF RECORD:**

4      PLEASE TAKE NOTICE that Defendant MESSER LLC. (erroneously sued as
5  "MESSER NORTH AMERICA, INC.") ("Defendant") hereby invokes this Court's
6  jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 and removes the above-
7  entitled action to this Court from the Superior Court of the State of California in and for
8  the County of Los Angeles.

9
10  Dated: December 2, 2022            JACKSON LEWIS P.C.

11
12                      By: _____
13                            Louis C. Klein
14                            Sean Choi

15                            Attorneys for Defendant
16                            MESSER LLC

17
18
19
20
21
22
23
24
25
26
27
28

1
2

# **TABLE OF CONTENTS**

I.      INTRODUCTION ......................................................................... 8

II.    VENUE AND STATEMENT OF JURISDICTION ..................... 8

III.   SERVICE ON THE STATE COURT ......................................... 10

IV.  DIVERSITY OF CITIZENSHIP ................................................ 10

V.    AMOUNT IN CONTROVERSY ................................................ 12

VI.  NO ADMISSION ......................................................................... 17

VII. CONCLUSION AND REQUESTED RELIEF .......................... 17

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

# **TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Federal Cases**

5
6

*Buie v. Extended Stay Hotels* (E.D. Cal. May 16, 2018)
    2018 U.S. Dist. LEXIS 82834 ............................................................... 10

7
8

*Canales v. Performance Food Grp., Inc.* (C.D. Cal. Nov. 30, 2017)
    2017 U.S. Dist. LEXIS 197363 ............................................................. 16

9
10

*Dart Cherokee Basin Operating Co., LLC v. Owens* (2014)
    135 S. Ct. 547 ........................................................................................ 13

11
12

*Egan v. Premier Scales & Sys.* (W.D. Ky. 2002)
    237 F.Supp.2d 774 ................................................................................ 16

13

*Fritsch v. Swift Transportation Co. of Arizona*,
    LLC (9th Cir. 2018) 899 F.3d 785 ........................................................ 17

14
15

*Galt G/S v. JSS Scandinavia* (9th Cir. 1998)
    142 F.3d 1150 ....................................................................................... 16

16
17

*Gibson v. Chrysler Corp.* (9th Cir. 2001)
    261 F.3d 927 (9th Cir. 2001) ................................................................ 15

18
19

*Hertz Corp. v. Friend* (2010)
    559 U.S. 77 ........................................................................................... 10

20
21

*Hurd v. Am. Income Life Ins.* (C.D. Cal. Oct. 10, 2013)
    2013 U.S. Dist. LEXIS 147849 ............................................................. 15

22
23

*Johnson v. Columbia Props. Anchorage, LP* (9th Cir. 2006)
    437 F.3d 894 ......................................................................................... 10

24

*Kanter v. Warner–Lambert Co.* (9th Cir. 2001)
    265 F.3d 853 ........................................................................................... 9

25
26

*Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983)
    704 F.2d 1088 ......................................................................................... 9

27
28

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002)
    199 F.Supp.2d 993 ............................................................................... 14

*Kroske v. U.S. Bank Corp.* (9th Cir. 2005)
   432 F.3d 976 ................................................................................ 14, 16

*Lowdermilk v. U.S. Bank Nat'l Assoc.* (9th Cir. 2005)
   479 F.3d 994 ........................................................................................ 16

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999)
   526 U.S. 344 ............................................................................... 8, 12, 13

*Pollard v. E.I. du Pont de Nemours & Co.* (2001)
   532 U.S. 843 ........................................................................................ 14

*Ponce v. Medical Eyeglass Ctr., Inc.* (C.D. Cal. July 27, 2015)
   2015 U.S. Dist. LEXIS 98517 ........................................................... 17

*Proctor v. Vishay Intertechnology Inc.* (9th Cir. 2009)
   584 F.3d 1208 ...................................................................................... 12

*Rippee v. Boston Market Corp.* (S.D. Cal. 2005)
   408 F.Supp.2d 982 .............................................................................. 14

*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996)
   102 F.3d 398 ........................................................................................ 13

*Sasso v. Noble Utah Long Beach, LLC* (C.D. Cal. March 3, 2015)
   2015 U.S. Dist. LEXIS 25921 ........................................................... 16

*Simmons v. PCR Tech.* (N.D. Cal. 2002)
   209 F.Supp.2d 1029 ............................................................................ 16

*Singer v. State Farm Mutual Auto Ins. Co.* (9th Cir. 1997)
   116 F.3d 373 ........................................................................................ 13

*State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994)
   19 F.3d 514 ............................................................................................ 9

*Strotek Corp. v. Air Transport Ass'n of Am.* (9th Cir. 2002)
   300 F.3d 1129 ........................................................................................ 9

*Velez v. Roche* (N.D. Cal. 2004)
   335 F.Supp.2d 1022 ............................................................................ 16

**California Cases**

*Casey Doe v. Waldorf Astoria Management Company LLC, et al.,*
    Case No. 22STCV14347.................................................................*passim*

*Gardenhire v. Housing Authority* (2000)
    85 Cal.App.4th 236 ............................................................................ 16

*Keiffer v. Bechtel Corp.* (1998)
    65 Cal.App.4th 893 ............................................................................ 15

*Silo v. CHW Medical Foundation* (2001)
    86 Cal.App.4th 947 ............................................................................ 16

*Wise v. Southern Pac. Co.* (1970)
    1 Cal.3d 600 ...................................................................................... 14

*Wysinger v. Auto. Club of S. Cal.* (2007)
    157 Cal. App. 4th 413 ........................................................................ 17

**Other State Cases**

*Department of Fair Emp't & Housing v. Smitty's Coffee Shop, FEHC*
    (1984) ................................................................................................ 15

**Federal Statutes**

28 U.S.C.
    §§ 84(b), 1391 and 1441(a)................................................................. 7
    § 1332 ......................................................................................*passim*
    §§ 1332, 1441, and 1446.................................................................... 7
    § 1332 (a) ...................................................................................... 9, 13
    § 1332(c)(1) ...................................................................................... 10

28 U.S.C
    § 1441(a) ........................................................................................ 9, 13

28 U.S.C.
    § 1441(a) and (b)............................................................................... 18
    § 1441(b)........................................................................................... 9
    § 1446(a)........................................................................................... 18
    § 1446(b)........................................................................................... 8
    § 1446(d)........................................................................................... 8

**California Statutes**

Civil Code
    § 51 and § 52.1(b) ........................................................................... 7

Government Code
    §§ 12940 et seq. ............................................................................. 7

**Other Authorities**

Federal Rules of Civil Procedure Rule 11 ........................................ 18

I.     **INTRODUCTION**

Defendant MESSER LLC ("Defendant") removes this case to this Court based on diversity jurisdiction.   The amount in controversy, as explicitly alleged in Plaintiff VINCENT DUDASH ("Plaintiff") Complaint, far exceeds $75,000.00.   Plaintiff, a citizen of California, and Defendant, his former employer and a citizen of Delaware, are citizens of different states.

II.    **VENUE AND STATEMENT OF JURISDICTION**

1.     This action was filed in the Superior Court of the State of California in and for the County of Los Angeles. Therefore, venue properly lies in the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 84(b), 1391 and 1441(a)

2.     This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332. The diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

3.     On November 1, 2022, Plaintiff filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled *Vincent Dudash v. Messer North America, Inc.,* Case No. 22STCV34825 ("Complaint"). (Declaration of Louis C. Klein ("Klein Decl."), ¶ 2 and Exhibit A attached thereto.) Plaintiff's Complaint sets forth six causes of action: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Accommodate in Violation of FEHA; (3) Failure to Engage in an Interactive Process in Violation of FEHA; (4) Retaliation in violation of FEHA; (5) Failure to Prevent in Violation of FEHA; and (6) Wrongful Termination in Violation of Public Policy.

4.     On November 1, 2022, the Clerk of the Los Angeles County Superior Court filed the following documents: (1) Alternate Dispute Resolution Packet; (2) First

Amended General Order re: Mandatory Electronic Filing; (3) Voluntary Efficient Litigation Stipulation Packet; and (4) Notice of Case Assignment. (Klein Decl. ¶ 3, Exhibit B).

5.    On November 1, 2022, the Clerk of the Los Angeles County Superior Court filed a Notice of Case Management Conference setting a Case Management Conference for February 27, 2023 at 8:30 a.m. (Klein Decl. ¶ 4, Exhibit C.)

6.    On November 2, 2022, Plaintiff served Defendant with the Complaint, Summons, Alternative Dispute Resolution (ADR) package, and Civil Case Cover Sheet. (Klein Decl. ¶ 5, Exhibit D.)

7.    On November 14, 2022, Plaintiff filed a Proof of Service of Summons with the Los Angeles County Superior Court regarding service on Defendant. (Klein Decl. ¶ 6, Exhibit E.)

8.    On December 2, 2022, Defendant filed an Answer to Plaintiff's Complaint. (Klein Decl. ¶ 7, Exhibit F.)

9.    As of the date of this filing, Exhibits A-F to the Klein Decl. constitute all of the pleadings, processes, or orders that have been filed or served in this action, and no further proceedings have occurred in the state court. (Klein Decl., ¶ 8.)

10.    This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 354 (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period).  Furthermore, "if defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to the removal."  28 U.S.C. § 1446(b).  Therefore, this Notice of Removal filed on December 2, 2022 is timely under 28 U.S.C. § 1446(b).

III. **SERVICE ON THE STATE COURT**

11.  Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

IV. **DIVERSITY OF CITIZENSHIP**

12.  This Notice of Removal is based on diversity jurisdiction. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States   . . ." *See* 28 U.S.C. § 1332 (a).

13.  "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C § 1441(a). Any case that could have commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332.

14.  This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.00, as discussed below.

15.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090; *see also, Strotek Corp. v. Air Transport Ass'n of Am.* (9th Cir. 2002) 300 F.3d

1129, 1131 (for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857. Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520.

16.    In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years."); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

17.    Here, Plaintiff alleges he "worked for Defendant," which was located "in the County of Los Angeles, State of California, at 660 Baldwin Park Boulevard, City of Industry, California 91746." (*See* Plaintiff's Complaint, ¶ 2, 7-8.) Plaintiff also listed and maintained a California address on file with Defendant for purposes of his personnel file and payroll checks during the period of his employment with Defendant. (Declaration of Tessa Walwyn ("Walwyn Decl."), ¶ 5). Accordingly, Plaintiff is, and at all times since the commencement of this action has been, a citizen of the State of California.

18.    For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP* (9th Cir.2006) 437 F.3d 894, 899. A party may establish the citizenship of

members of an LLC that are business entities by establishing state of organization of those business entities and their principal place of business. *Id.*; *Buie v. Extended Stay Hotels* (E.D. Cal. May 16,2018) 2018 U.S. Dist. LEXIS 82834, *5-6.

19.   Here, Defendant Messer LLC is a Delaware limited liability company. (Walwyn Decl., ¶ 6). Its sole member is Messer North America, Inc., which is a Delaware corporation with its principal place of business in Bridgewater, New Jersey. (Walwyn Decl., ¶ 7).  Messer North America, Inc.'s corporate headquarters are located at 200 Somerset Corporate Boulevard, Suite 7000, Bridgewater, New Jersey, 08807, where its primary executive, administrative, financial, and management functions are conducted and where most of its corporate officers direct, control, and coordinate its activities. (Walwyn Decl., ¶ 8).  Therefore, Defendant is a citizen of Delaware and New Jersey, and not of California.

20.   Plaintiff has also named as Defendants DOES 1 through 50. The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

21.   Based on the foregoing, there is complete diversity allowing removal by Defendant in that Plaintiff is a California citizen and Defendant is a citizen of Delaware and New Jersey. 28 U.S.C. §§ 1441, et seq.; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1998).

## V.   AMOUNT IN CONTROVERSY

22.   This Court has jurisdiction over this case because the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  28 U.S.C. § 1332 (a).

23.   Defendant's Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 135 S. Ct. 547, 554 (emphasis added). Defendant need not submit evidence in support of its notice of removal. *Id*. at 553 ("the defendant's amount-in-controversy allegation should be accepted when not contested by

the plaintiff or questioned by the court"). Even if an evidentiary showing were required, Defendant need only show by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied. *Id.* at 553-54; *see also, Singer v. State Farm Mutual Auto Ins. Co.* (9th Cir. 1997) 116 F.3d 373, 377; *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404.

24.    In measuring the amount in controversy, the Court must assume that the allegations in the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001.  The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe.  *Rippee v. Boston Market Corp.* (S.D. Cal. 2005) 408 F.Supp.2d 982, 986, citing *Scherer v. Equitable Life Assurance Soc'y of the U.S.* (2nd Cir. 2003) 347 F.3d 394, 399 (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). The amount in controversy includes the "amount of damages in dispute, as well as attorney's fees," and the Court may consider damages awards in similar cases.  *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980.

25.    Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.  However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, assuming for the sake of argument the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332, as set forth below:

26.    Plaintiff alleges that he has suffered "actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the

intangible loss of employment related [sic] opportunities in his field and damage to his professional reputation[.]" *See* Complaint, ¶¶ 21, 29, 35, 42, 50, and 56. Plaintiff also alleges that he has suffered and continues to suffer "general and special damages" which include "emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms[.]" ¶¶ 22, 29, 36, 43, and 51. Plaintiff also prays for pre-judgment interest, post-judgment interest, costs of suit and attorney's fees" as well as "punitive damages." *See* Complaint, Prayer. If Plaintiff prevails on his wrongful termination and FEHA claims, he could recover the amount he would have earned up to the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instructions ("CACI") Nos. 350 *et seq.*, 2433 (2011); *Wise v. Southern Pac. Co.* (1970) 1 Cal.3d 600, 607. Plaintiff would also be entitled to front pay, awarded for lost compensation during the period between judgment and reinstatement, or in lieu of reinstatement. *Pollard v. E.I. du Pont de Nemours & Co.* (2001) 532 U.S. 843, 848. California decisions from the Fair Employment and Housing Commission generally limit damages for purported future pay losses to one (1) to two (2) years. *Department of Fair Emp't & Housing v. Smitty's Coffee Shop, FEHC* (1984) Precedent Decision No. 84-25 (expressly adopting federal court view that front pay should be limited and recommending "fixed period" such as a year or two).

27.   Plaintiff's last rate of pay during his employment with Defendant was approximately $30.83 per hour ($64,126 per year), not including any benefits or bonuses. (Walwyn Decl., ¶ 7). While it is unclear from the allegations of the Complaint how much Plaintiff is seeking to recover in lost earnings, conservatively knowing that Plaintiff's last day was on August 10, 2021, his back pay through this filing date is approximately **$78,924** (not including the value of bonuses, benefits, and potential pay increases). (Walwyn Decl., ¶ 8.) Furthermore, conservatively assuming that Plaintiff recovers one-year of front pay if he were to prevail, the front pay will also amount to approximately **$64,126**. Thus, the lost earnings component of Plaintiff's potential damages could, conservatively, add at least **$143,050** to the amount in controversy.

28.     Plaintiff also claims damages due to emotional distress and asserts that "he will continue to experience [] physical and emotional suffering for a period in the future not presently ascertainable[.]" See Complaint, ¶¶ 22, 43, 51, and Prayer. Emotional distress damages further augment the foregoing amounts and demonstrate that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy).

29.     While Plaintiff has not quantified the value of his alleged emotional distress damages, he is likely to allege that they are substantial. *Hurd v. Am. Income Life Ins.* (C.D. Cal. Oct. 10, 2013) 2013 U.S. Dist. LEXIS 147849, at *17 ("emotional distress damages in discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Indeed, prevailing plaintiffs in employment disputes regularly are awarded emotional distress damages in excess of $75,000. *Keiffer v. Bechtel Corp.* (1998) 65 Cal.App.4th 893, 895 (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages); *Silo v. CHW Medical Foundation* (2001) 86 Cal.App.4th 947, 955 (jury award in excess of $75,000 in non-economic damages was upheld in wrongful termination lawsuit); *Egan v. Premier Scales & Sys.* (W.D. Ky. 2002)  237 F.Supp.2d 774, 776 (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement."); *Canales v. Performance Food Grp., Inc.* (C.D. Cal. Nov. 30, 2017) 2017 U.S. Dist. LEXIS 197363 at *10-12 (noting that emotional distress damages in employment discrimination actions may range from $25,000 to over $100,000); *Sasso v. Noble Utah Long Beach, LLC* (C.D. Cal. March 3, 2015) 2015 U.S. Dist. LEXIS 25921 at *12-14   (holding amount in controversy was satisfied because in employment discrimination and failure to accommodate cases, emotional distress damages can range from $125,000 to $500,000); *Simmons v. PCR Tech.* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1033-1034

(noting that emotional distress damages in employment actions are often substantial); *Velez v. Roche* (N.D. Cal. 2004) 335 F.Supp.2d 1022, 1038-40 (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority* (2000) 85 Cal.App.4th 236, 237 (upholding emotional distress award of $1.3 million in a case alleging retaliation).

30.    Based on this authority, and based on Plaintiff's allegations of emotional distress, the emotional distress component of Plaintiff's potential damages could, conservatively, add at least **$75,000** to the amount in controversy.

31.    Plaintiff's Complaint also seeks attorneys' fees. *See* Complaint, ¶¶ 23, 37, 44, 52, and Prayer. It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g.*, *Lowdermilk v. U.S. Bank Nat'l Assoc.* (9th Cir. 2005) 479 F.3d 994, 1000; *Kroske,* 432 F.3d at 980; *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156 (attorneys' fees may be taken into account to determine jurisdictional amounts). Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, LLC (9th Cir. 2018) 899 F.3d 785, 795-96. Attorneys' fees awards in employment matters often exceed $75,000. *See, e.g. Wysinger v. Auto. Club of S. Cal.* (2007) 157 Cal. App. 4th 413, 430-31 (upholding attorneys' fee award of $978,791.00 for discrimination/retaliation case that went to trial).

32.    Assuming a conservative rate of $400.00 per hour, and conservatively assuming only 200 hours of attorney time spent by Plaintiff's counsel through trial, Plaintiff's recoverable attorneys' fees would total approximately **$80,000**.

33.    Plaintiff also seeks to recover "punitive damages." *See* Complaint, ¶¶ 24, 31, 38, 45, 53, 57, and Prayer. Although Defendant vigorously denies Plaintiff's allegations and that he is entitled to any damages, let alone punitive damages, if Plaintiff

was to prevail, punitive damages alone could exceed the $75,000 jurisdictional minimum. *See, e.g., Ponce v. Medical Eyeglass Ctr., Inc*. (C.D. Cal. July 27, 2015) 2015 U.S. Dist. LEXIS 98517, at *11-12 (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

34.    Based on the above, Plaintiff's potential recovery for lost earnings, emotional distress damages, and attorneys' fees conservatively total **$298,050**, easily satisfying the $75,000 threshold. This also excludes any potential punitive damages that could be recovered if Plaintiff were to prevail.

## VI.    NO ADMISSION

35.    Defendant does not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor does Defendant concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

## VII.    CONCLUSION AND REQUESTED RELIEF

36.    For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441 (b). Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

37.    The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

DATED:  December 2, 2022          **JACKSON LEWIS P.C.**

By: _____
Louis C. Klein
Sean Choi

Attorneys for Defendant
MESSER LLC